UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION AND RETIREMENT FUND,

                                  **Plaintiff,**

                                **v.**                                         5:06-CV-208
                                                                             (FJS/GHL)

**COMAC BUILDERS SUPPLY CORP.,**

                                  **Defendant.**

_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **PARAVATI, KARL, GREEN & DEBELLA**<br>12 Steuben Park<br>Utica, New York 13501<br>Attorneys for Plaintiff | **GERALD J. GREEN, ESQ.** |
| **COMAC BUILDERS SUPPLY CORP.**<br>1022 West High Vista Trails<br>Webster, New York 14580<br>Defendant | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court is Magistrate Judge Lowe's October 3, 2007 Report-Recommendation to which the parties filed no objections. In his Report-Recommendation, Magistrate Judge Lowe recommended that, despite the fact that Defendant, a corporation, was not represented by counsel, the Court should grant the parties' joint request for judicial approval of their proposed Consent Judgment and Order.

## II. BACKGROUND

Plaintiff filed its original complaint in this action on February 15, 2006, and filed an amended complaint on March 8, 2006. *See* Dkt. Nos. 1, 3. Both complaints contain similar allegations, all of which arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*

After the Court granted it several extensions, Defendant filed its answer to Plaintiff's amended complaint on October 9, 2006. *See* Dkt. No. 16. At that time, Defendant was represented by counsel. However, on June 7, 2007, defense counsel moved to withdraw, filing several exhibits under seal to support that application. *See* Dkt. Nos. 22-25. On June 19, 2007, Magistrate Judge Lowe conducted a telephone conference with defense counsel and Mr. Steven R. Bagnashi, the president and sole owner of Defendant, to address defense counsel's motion. At the close of that conference, Magistrate Judge Lowe granted the motion.

Thereafter, on June 25, 2007, Magistrate Judge Lowe conducted a telephone conference with Plaintiff's counsel and Mr. Bagnashi to discuss a schedule for proceeding with this litigation. Mr. Bagnashi stated that Defendant planned to continue to proceed *pro se* because it did not have the funds to retain another attorney. Plaintiff's counsel proposed that Plaintiff and Defendant enter into a stipulated settlement, with Mr. Bagnashi filing a confession of judgment. Mr. Bagnashi assented to that proposal.

On August 24, 2007, the parties jointly filed a proposed Consent Judgment and Order and requested that the Court approve that disposition of the action. *See* Dkt. No. 29. In reviewing the proposed Consent Judgment and Order, Magistrate Judge Lowe noted that "[t]he only issue presented by this rather routine request is . . . the fact that . . . Defendant, a corporation, is

proceeding *pro se*." *See* Report-Recommendation at 1. He began his analysis of this issue by reiterating the well-established principle that "'[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'" *See id.* at 4 (quoting *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)) (other citations omitted). However, he also explained that "courts have recognized certain limited exceptions to this general rule." *See id.* (citing cases). Specifically, Magistrate Judge Lowe noted that, "in a case factually analogous to [this one], the Eastern District of New York permitted a small and impecunious corporation to be represented by its sole shareholder in a federal bankruptcy proceeding." *See id.* at 4-5 (citing *In the Matter of Holliday's Tax Servs., Inc.*, 417 F. Supp. 182 (E.D.N.Y. 1976), *aff'd without opinion sub nom. Holliday's Tax Servs., Inc. v. Hauptman*, 614 F.2d 1287 (2d Cir. 1979)). Relying on the reasoning in *Holliday*, Magistrate Judge Lowe found that the circumstances in this case "warrant granting an exception to the general rule that corporations must appear by counsel in federal court." *See id.* at 5.[1,2] Based

---

[1] The circumstances upon which Magistrate Judge Lowe relied are as follows:

> (1) Mr. Bagnashi is the sole shareholder of Defendant; (2) Defendant is a small, closely held corporation; (3) Defendant lacks sufficient funds to hire counsel; (4) Defendant was, for most of this action, represented by counsel, who only recently withdrew their representation; (5) Mr. Bagnashi's *pro se* representation of Defendant would be for only a limited purpose, that is, the making of a motion that is joined in by Plaintiff and that would, if granted, effectively result in the end of Plaintiff's action against Defendant; (6) [there is] no reason to believe that such lay representation by Mr. Bagnashi is causing, or will cause, a substantial threat of disruption or injustice to Defendant; and (7) a decision to *not* grant the parties' joint request for judicial approval of their proposed Consent Judgment and Order, and the subsequent failure by Defendant to secure counsel, would, in all likelihood, subject

(continued...)

upon this reasoning, Magistrate Judge Lowe recommended that this Court grant the parties' request for judicial approval of their proposed Consent Judgment and Order. *See id.* at 6.

### III. DISCUSSION

Although the parties did not file any objections to Magistrate Judge Lowe's recommendation, the Court, after reviewing his reasoning and the cases upon which he based his decision, rejects that recommendation for the following reasons. First and foremost, the Court finds that the cases upon which Magistrate Judge Lowe relied are distinguishable and have not been followed by other courts that have addressed this issue.

In *Holliday*, which Magistrate Judge Lowe found "factually analogous," the court, although acknowledging the "virtually unbroken line of state and federal cases . . . approv[ing] the rule that a corporation can appear in court only by an attorney," nevertheless, concluded that, at least in the bankruptcy setting, "[t]o require this corporation to appear by a lawyer is effectively to exclude it and its sole shareholder from the courts." *Holliday*, 417 F. Supp. at 183 (citations omitted). The court also acknowledged, however, that, "[s]ince Mr. Holliday 'chose to accept the advantages of incorporation,' such as limited liability, it would be neither shocking nor

---

¹(...continued)
   Defendant to a default judgment virtually identical to the consent
   judgment currently sought by the parties.

*See* Report-Recommendation at 5-6.

² Magistrate Judge Lowe noted that "an Order approving a similar request was recently issued in a related action, under virtually identical circumstances, by Chief Judge Norman A. Mordue." *See* Report-Recommendation at 6 (citing *New York State Teamsters Conference Pension and Retirement Fund v. Comac Builders Supply Corp., et al.*, 07-CV-734, Consent Judgment and Order (N.D.N.Y. filed Aug. 27, 2007) (Mordue, C.J.)).

a violation of due process to require him to now 'bear the burden of that incorporation,' such as increased costs of court appearances." *Id.* at 184 (citation omitted). Nonetheless, despite these well-established legal principles, the court determined that "[m]odifying the absolute rule of corporate representation in bankruptcy cases . . . rests on the inherent power of a court to supervise the proper administration of justice." *Id.* (citation omitted).

It is clear that the court in *Holliday* relied upon policy considerations rather than legal principles to conclude that an exception to the well-established and long-standing rule that an attorney must represent a corporation was warranted in that case. Moreover, it appears that the *Holliday* court may have found it significant that the case involved a bankruptcy proceeding and, therefore, may have intended to limit its holding to that type of situation. Finally, the Court concludes that, in light of the long line of well-reasoned opinions to the contrary, *Holliday* provides an insufficient basis upon which to find that an exception is warranted in this case.

In particular, the Court finds that the Supreme Court's decision in *Rowland v. California Men's Colony Unit II Men's Advisory Council*, 506 U.S. 194 (1993), supports its decision not to rely upon *Holliday*. In that case, the Supreme Court noted that

> [t]wo federal cases cited by respondent are the only two, of which we are aware, to hold that artificial entities may be represented by persons who are not licensed attorneys: *United States v. Reeves*, 431 F.2d 1187 (CA9 1970) (*per curiam*) (partner can appear on behalf of a partnership), and *In re Holliday's Tax Services, Inc.*, 417 F. Supp. 182 (EDNY 1976) (sole shareholder can appear for a closely held corporation), affirmance order *sub nom. Holliday's Tax Services, Inc. v. Hauptman*, 614 F.2d 1287 (Table (CA2 1979). **These cases neither follow federal precedent, nor have themselves been followed**. *See, e.g., Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1309-1310 (CA2 1991) (criticizing and refusing to follow *Reeves*); *Jones v. Niagara Frontier Transportation Authority*, 772 F.2d 20, 22 n.3 (CA2 1983)

(distinguishing and narrowing *Holliday's Tax Services*).

*Id.* at 202 n.5 (emphasis added).

The Court also referred to *Holliday* and *Reeves* as "aberrant cases." *Id.* at 202. This Court recognizes that the issue in *Rowland* is different than the issue in this case. However, in determining whether the term "person" in 28 U.S.C. § 1915, providing for appearances *in forma pauperis*, applied to artificial entities, the Court relied on the well-established principle that a corporation may only appear in federal court through licensed counsel.

In addition, shortly after the Supreme Court's decision in *Rowland*, the Ninth Circuit recognized that, "to the extent that [its decision in] *Reeves* stood for the proposition that non-attorney members of a partnership could appear on behalf of the partnership, the Supreme Court in *California Men's Colony* has overruled that holding." *Licht v. America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (citation omitted). Thus, to the extent that Magistrate Judge Lowe relied upon *Reeves* for the proposition that some courts have recognized limited exceptions to the general rule that corporations may appear in federal court only through counsel, this reliance appears to be misplaced.

Magistrate Judge Lowe accurately noted that, although "the Second Circuit has explained that the holding of *Holliday* is limited to the case's facts (which involved "a lay sole shareholder . . . represent[ing] his small and impecunious corporation" in federal court), the Second Circuit has not overruled or abrogated *Holliday*." *See* Report-Recommendation at 5 (citations omitted). However, the Second Circuit has also not extended or relied upon that holding in any subsequent cases. *See, e.g., Dial-A-Mattress Franchise Corp. v. Page*, 880 F.2d 675 (2d Cir. 1989); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 n.3 (2d Cir. 1983); *In re Bijan-Sara Corp.*, 203

B.R. 358 (2d Cir. 1996).³  Finally, Magistrate Judge Lowe cites two district court cases in this circuit that followed *Holliday*.  *See* Report-Recommendation at 5 (citing *Pension Benefit Guar.*

---

³ In *Dial-A-Mattress*, the individual defendant had incorporated his business one-week prior to the oral argument on appeal, and the court noted that this act of incorporation "would [ordinarily] preclude [the individual defendant], who is not an attorney, from pursuing this appeal on behalf of the [corporate] defendant."  *Dial-A-Mattress*, 880 F.2d at 677.  However, the court permitted the individual defendant to proceed with the appeal because "the District Court's injunction is targeted **at [the individual defendant] personally** . . . [and] [b]ecause [the individual defendant] has a right to appeal on his own behalf to appeal an injunction that orders him personally to take specific action . . . ."  *Id.* (citing 28 U.S.C. § 1654 (1982)) (emphasis added).  Unlike the situation in *Dial-A-Mattress*, the **only** Defendant in this case is the corporation and the parties' proposed Consent Judgment and Order is directed at the corporation, **not** at Mr. Bagnashi personally.  Therefore, the exception in *Dial-A-Mattress* is inapplicable to the circumstances of this case.

In *Jones*, the individual plaintiff was the sole stockholder and chief executive officer of the corporate plaintiff.  The individual plaintiff, acting *pro se*, filed a complaint on behalf of the corporation and on behalf of himself individually.  The defendants moved to dismiss the claims asserted on behalf of the individual plaintiff on the ground that any claims asserted belonged to the corporate plaintiff.  The district court granted the motion and also ruled that the individual plaintiff, who was not an attorney, could not represent the corporate plaintiff.  For some time thereafter the corporate plaintiff was represented by counsel.  However, at some point, the individual plaintiff, acting *pro se*, moved to amend the corporate plaintiff's complaint to name himself as plaintiff by way of the corporate plaintiff's assignment to him of its causes of action.  The district court denied the motion to amend and ordered the action dismissed unless qualified counsel appeared on behalf of the corporate plaintiff within forty-five days.  The district court stayed its order to permit an immediate appeal.  On appeal, the Second Circuit affirmed the conditional order of dismissal.  *See Jones*, 722 F.2d at 22.  Although, as Magistrate Judge Lowe noted, the court in *Jones* did not overrule *Holliday*, the *Jones* court did note that *Holliday* was an exception and that the circumstances of *Holliday* were not applicable to *Jones*.  *See id.* at 22 n.3.

Finally, in *In re Bijan-Sara Corp.*, the United States Bankruptcy Appellate Panel for the Second Circuit considered a motion for an order permitting the principal of a corporation, who was not an attorney, to appear on behalf of the corporation.  After noting that it was well-established "that a corporation must be represented by counsel[,] 203 B.R. at 359, the court distinguished *Holliday* on the ground that, unlike the corporation in *Holliday*, which had no assets, Bijan-Sara claimed to have assets.  Moreover, the court noted that "the Supreme Court in *Rowland*, ha[d] criticized *Holliday* . . ., noting that it was an 'aberrant case,' the only case that allowed a corporation to appear *pro se*, did not follow federal precedent, and has not been followed by any other court.  *Rowland*, at 203 n.5."  *Id.* (footnote omitted).

*Corp. v. Viking Food Serv., Inc.*, 93-CV-6837, 1994 WL 702042, at *1-2 (S.D.N.Y. Dec. 14, 1994); *Phillips v. Amana Collection Servs.*, 89-CV-1152, 1992 WL 227839, at *3-4 (W.D.N.Y. Aug. 25, 1992)).[4]

---

[4] Although the *Pension Benefit Guaranty Corp.* court denied the third-party defendant's motion to compel the appointment of counsel by the defendants/third-party plaintiffs relying almost entirely upon *Holliday*, that case is distinguishable from the present case. In that case, the defendants/third-party plaintiffs were the sole proprietors of all the corporate defendants, all of which they claimed were either defunct or insolvent. After acknowledging the general rule that a corporation could only appear through an attorney, the court noted that "'[o]ccasionally, the courts have held that a corporation may appear through an agent other than an attorney **where the agent is a party to the action along with the corporation**.' *United States v. Priority Prods., Inc.*, 615 F. Supp. 593, 596 (Ct. Int'l Trade 1985) (allowing pro se appearance)." *Pension Benefit Guaranty Corp.*, 1994 WL 702042, at *1 (emphasis added). In the present case, Mr. Bagnashi, unlike the defendants/third-party plaintiffs in *Pension Benefit Guaranty Corp.* is **not** a party to this action.

In *Phillips*, the defendant was a corporation. At some point early in the litigation, at the request of the corporate defendant and without objection from the plaintiffs, the district court issued an order allowing the defendant's president to appear *pro se* for the defendant corporation. Thereafter, the plaintiffs requested that the court rescind that order.

The *Phillips* court began its analysis by citing *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991), and *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20 (2d Cir. 1983), for the proposition that "[c]ourts have consistently held that [28 U.S.C. § 1654] . . . allow[s] individuals to appear *pro se*, but . . . require[s] a corporation to be represented by an attorney admitted to practice before the court." *Phillips*, 1992 WL 227839, at *3 (citations omitted). The court also stated that "[i]n keeping with the decisions of the Second Circuit, this Court must require defendant to appear through duly licensed and admitted counsel." *Id.*

The court then went on to cite *Holliday* for the proposition that "the recognized exceptions [to the general rule] rest on the inherent power of a court to supervise the administration of justice." *Id.* at *4 (citing *Matter of Holliday's Tax Servs., Inc.*, 417 F. Supp. 182, 184 (E.D.N.Y. 1976)). The court also noted that, based upon Second Circuit caselaw, its "prior grant of an Order allowing [defendant corporation's president] to appear *pro se* . . . appears inappropriate . . . ." *Id.* Nonetheless, the court decided to consider the pending motions, even though those motions had been filed while the defendant corporation was proceeding *pro se*. However, the court made clear that it would "require defendant to retain legal representation admitted to practice before this Court for any further matters." *Id.* Although arguably the court in *Phillips* followed *Holliday*, it appears to have done so only to the extent that it agreed that the

(continued...)

Further support for the conclusion that the Second Circuit has not embraced *Holliday*, and that this Court should not do so either, is found in a case that the Second Circuit decided shortly after *Holliday*, in which it held that a plaintiff, who was not an attorney, could not prosecute a derivative action on behalf of the corporation *pro se*. *See Phillips v. Tobin*, 548 F.2d 408 (2d Cir. 1976). Although the *Phillips* court did not mention *Holliday*, it followed the well-established principle that a corporation may not appear except through an attorney. *See id.* at 411. The court also cited *Turner v. American Bar Ass'n*, 407 F. Supp. 451 (N.D. Tex. 1975), with approval for the proposition that "[c]orporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of § 1654 is that they must be represented by licensed counsel." *Phillips*, 548 F.2d at 411 (quoting *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Tex. 1975)) (other citations omitted).

The Second Circuit quoted this same language in *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309 (2d Cir. 1991), to support its conclusion that "28 U.S.C. § 1654 prohibits a layperson from appearing on behalf of a partnership." *Id.* at 1310. The court in *Eagle Associates* also explicitly rejected the reasoning and conclusions in *Reeves*, noting that "its holding appears to conflict with other pronouncements in that circuit." *Id.* at 1309 (citations omitted). Finally, the *Eagle Associates* court held that, because "Eagle failed to comply with the district court's

---

⁴(...continued)
court had the inherent power to supervise the administration of justice – a principle with which this Court agrees. However, this conclusion must be viewed in the context of the fact that the court recognized that it had made a mistake when it initially allowed the corporate defendant to proceed *pro se* and that it decided to consider the pending motions only because the court, not the parties, had made an error.

order directing it to appear with counsel, the district court did not abuse its discretion in entering a default judgment." *Id.* at 1310.

In sum, given the overwhelming caselaw that is contrary to the holding in *Holliday*, particularly the Supreme Court's statement in *Rowland* that *Holliday* is an aberrant case, the Court rejects Magistrate Judge Lowe's recommendation that the Court grant the parties' request for judicial approval of their proposed Consent Judgment and Order. Instead, the Court hereby notifies the parties that, unless Defendant provides written notice to the Court and opposing counsel that it is represented by counsel, within forty-five days of the date of this Order, Plaintiff may request that the Clerk of the Court enter a Notice of Default and that, once the Clerk of the Court enters that Notice, Plaintiff may move for a default judgment against Defendant.

## IV. CONCLUSION

Accordingly, after reviewing Magistrate Judge Lowe's Report-Recommendation, the entire file in this matter, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lowe's October 3, 2007 Report-Recommendation is **REJECTED**; and the Court further

**ORDERS** that Defendant shall notify the Court and opposing counsel in writing, **within forty-five days** of the date of this Order, whether or not Defendant is represented by counsel; and the Court further

**ORDERS** that, if Defendant does not notify the Court and opposing counsel in writing, within forty-five days of the date of this Order, that it has retained counsel, Plaintiff may file a

request that the Clerk of the Court enter a Notice of Default and serve a copy of its papers on Defendant; and the Court further

**ORDERS** that, after the Clerk of the Court enters a Notice of Default, Plaintiff shall file with the Court and serve on Defendant a motion for default judgment against Defendant **within thirty days** of the Clerk's entry of the Notice of Default; and the Court further

**ORDERS** that, if it has any objections to the motion for default judgment, Defendant must file with the Court and serve on opposing counsel its opposition papers within **fifteen days** of the date of service of the motion for entry of a default judgment; and the Court further

**ORDERS** that, after it has received all of the relevant papers, the Court shall determine the motion on the basis of the parties' submissions without oral argument.

**IT IS SO ORDERED.**

Dated: January 14, 2008
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge