UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS
CONFERENCE PENSION & RETIREMENT
FUND by its Trustees, J. Dawson Cunningham;
Michael S. Scalzo, Sr.; Ronald G. Lucas; John
Bulgaro; Gary Staring; Daniel W. Schmidt;
Frederick J. Carter; and Thomas K. Wotring,

                         **Plaintiff,**

                         v.                                            5:06-CV-208
                                                                   (FJS/GHL)
COMAC BUILDERS SUPPLY CORP.,

                         **Defendant.**
_____

**APPEARANCES**                                            **OF COUNSEL**

**PARAVATI, KARL, GREEN**                 **GERALD J. GREEN, ESQ.**
**& DEBELLA**                                      **VINCENT M. DEBELLA, ESQ.**
12 Steuben Park
Utica, New York 13501
Attorneys for Plaintiff

**COMAC BUILDERS SUPPLY CORP.**      **NO APPEARANCE**
1022 West High Vista Trails
Webster, New York 14580

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Currently before the Court is Plaintiff's motion for entry of a default judgment.
Defendant did not file any papers in opposition to this motion.

## II. BACKGROUND

Plaintiff filed its original complaint in this action on February 15, 2006, and filed an amended complaint on March 8, 2006. *See* Dkt. Nos. 1, 3. Both complaints contain similar allegations, all of which arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act, 29 U.S.C. § 141 *et seq.*

After the Court granted it several extensions, Defendant filed its answer to Plaintiff's amended complaint on October 6, 2006. *See* Dkt. No. 16. At that time, Defendant was represented by counsel. However, on June 7, 2007, defense counsel moved to withdraw, filing several exhibits under seal to support that application. *See* Dkt. Nos. 22-25. On June 19, 2007, Magistrate Judge Lowe conducted a telephone conference with defense counsel and Mr. Steven R. Bagnashi, Defendant's president and sole owner, to address defense counsel's motion. At the close of that conference, Magistrate Judge Lowe granted the motion. *See* Dkt. No. 26.

Thereafter, on June 25, 2007, Magistrate Judge Lowe conducted a telephone conference with Plaintiff's counsel and Mr. Bagnashi to discuss a schedule for proceeding with this litigation. Mr. Bagnashi stated that Defendant planned to continue to proceed *pro se* because it did not have the funds to retain another attorney. Plaintiff's counsel proposed that Plaintiff and Defendant enter into a stipulated settlement, with Mr. Bagnashi filing a confession of judgment. Mr. Bagnashi assented to that proposal.

On August 24, 2007, the parties jointly filed a proposed Consent Judgment and Order and requested that the Court approve that disposition of this action. *See* Dkt. No. 29. In reviewing the proposed Consent Judgment and Order, Magistrate Judge Lowe noted that "[t]he only issue presented by this rather routine request is . . . the fact that . . . Defendant, a corporation, is

proceeding *pro se*." *See* Report-Recommendation dated October 3, 2007, at 1.  Although he acknowledged that "'"[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel[,]"' *see id.* at 4 (quoting *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)) (other citation omitted), he, nevertheless, determined that "the circumstances of this case 'warrant granting an exception to the general rule that corporations must appear by counsel in federal court[,]'" *see id.* at 5 (footnotes omitted).  This Court disagreed with Magistrate Judge Lowe's reasoning and "reject[ed] his recommendation that the Court grant the parties' request for judicial approval of their proposed Consent Judgment and Order."  *See* Memorandum-Decision and Order dated January 14, 2008, at 10.  The Court then advised "the parties that, unless Defendant provide[d] written notice to the Court and opposing counsel that it [was] represented by counsel, within forty-five days of the date of this Order, Plaintiff [could] request that the Clerk of the Court enter a Notice of Default and that, once the Clerk of the Court enter[ed] that Notice, Plaintiff [could] move for a default judgment against Defendant."  *See id.*

Defendant never notified the Court or Plaintiff's counsel that it was represented by counsel.  Therefore, on April 16, 2008, Plaintiff requested and the Clerk of the Court entered a Notice of Default.  *See* Dkt. Nos. 33-34.  Thereafter, on May 23, 2008, Plaintiff filed the instant motion for entry of a default judgment against Defendant.  *See* Dkt. No. 36.

### III. DISCUSSION

**A.    Standard of review**

When a court considers a motion for the entry of a default judgment, it must "accept[] as

true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted). Finally, this inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.*

Section 1145 of Title 29 of the United States Code provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

If an employer violates § 1145, 29 U.S.C. § 1132(g)(2) provides that,

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> > (A) the unpaid contributions,
> > (B) interest on the unpaid contributions,
> > (C) an amount equal to the greater of –
> > > (i) interest on the unpaid contributions, or
> > > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court

>                under subparagraph (A),
>            (D) reasonable attorney's fees and costs of the
>            action, to be paid by the defendant, and
>            (E) such other legal or equitable relief as the court
>            deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions
> shall be determined by using the rate provided under the plan or, if
> none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g).

Since Defendant is an employer obligated to make contributions to Plaintiff under the Agreement and has not made those required payments, the Court will apply the provisions of § 1132(g)(2) to calculate Plaintiff's damages.

**C.   Calculation of Plaintiff's damages**

In August 2007, after Magistrate Judge Lowe granted defense counsel's motion to withdraw, the parties entered into a Settlement Agreement, in which Defendant's President, Steven Bagnashi, admitted that Defendant had failed to remit full and proper contributions to Plaintiff and consented to a signed judgment and order in favor of Plaintiff in the sum of $24,271.07. *See* Affidavit of Gerald J. Green, sworn to Mary 23, 2008, at ¶ 23 & Exhibits "C" & "D." In accordance with that Agreement, Plaintiff waived its rights to any liquidated damages, interest, costs and attorney's fees to which it might be entitled and now seeks a default judgment in the amount set forth in that Agreement. *See id.* at ¶¶ 24-25.

Based upon its audit of Defendant's books, Plaintiff calculated the unpaid contributions and audit fees as follows:

|  |  |
|---|---|
| $135,235.73 | unpaid contributions as per audit |
| 2,898.67 | audit fees |
| $138,134.40 | |
| (19,033.63) | September 2005 contribution paid |
| (22,698.00) | October 2005 contribution paid |
| (15.645.50) | November 2005 contribution paid |
| (11,771.50) | March 2006 contribution paid |
| (23,847.30) | April 2006 contribution paid |
| (20,867.40) | May 2006 contribution paid |
| $ 24,271.07 | |

*See* Affidavit of Kenneth R. Stilwell, sworn to May 23, 2008, at Exhibits "3" & "4."

## IV. CONCLUSION

After reviewing the entire file in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for a default judgment against Defendant in the amount of **$24,271.07** is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff and close this case.

**IT IS SO ORDERED.**

Dated: March 28, 2009
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge